**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

CHRISTOPHER LANCASTER,

    Plaintiff,

v.                                                        Civil Action No. 3:16cv30
                                                            (GROH)

UNITED STATES OF AMERICA,

    Defendant.

**ORDER DIRECTING PLAINTIFF TO FILE**
**COPY OF ADMINISTRATIVE TORT CLAIM**

On March 22, 2016, Plaintiff filed a letter with the Court concerning a personal injury he sustained at USP Hazelton. From the letter it appears Plaintiff filed an administrative tort claim that was denied on or about October 15, 2015. The Clerk of Court sent Plaintiff a Notice of Deficient Pleading, and on June 20, 2016, Plaintiff finally complied by filing a form FTCA complaint and an application to proceed *in forma pauperis* with supporting documentation. Plaintiff has been granted leave to proceed *in forma pauperis* without the requirement of an initial partial filing fee.

In the complaint, Plaintiff appears to allege that the United States is responsible for the use of excessive force by a correctional officer, whose name is not legible to the Court. In addition, it appears Plaintiff may also be alleging that he was provided negligent medical care following the alleged incident of excessive force.

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the

FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

Pursuant to the provisions of the FTCA, the administrative process must be fully exhausted before FTCA claims may be brought in an action in federal court. 28 U.S.C. § 2675(a). Administrative exhaustion under the FTCA requires an inmate to submit written notification of the incident-accompanied by a sum certain claim for monetary damages to the federal agency responsible for the activities giving rise to the claim. See 28 C.F.R. § 14.2 (a) and (b)(1). The inmate may file an FTCA suit in federal court only after the agency denies the inmate's claim, and must do so within six months of the mailing of the denial. 28 C.F.R. § 14.9. An administrative tort claim is statutorily presumed denied if six months pass without action on a properly filed administrative claim. 28 U.S.C. § 2675(a).

The undersigned finds that in order to properly screen the complaint in this matter, a copy of Plaintiff's administrative tort claim and the response thereto is necessary.[1] Accordingly, within **twenty-one (21) days** from the date of this Order, Plaintiff is directed to provide the Court with a copy of his administrative tort claim (Standard Form 95) and the response thereto. **The failure to comply with this Order in the allotted time will result in the dismissal of this case.**

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 23, 2016.

---

[1] In his letter to the Court, Plaintiff indicates that he filed a personal injury tort claim on June 5, 2014 and received a response to the claim on October 12, 2015, which advised him that he had six months to file. ECF No. 1. However, in his form complaint, the Plaintiff notes N/A in response to the questions regarding FTCA Claim Form (SF-95).

/s Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE