**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CHRISTOPHER LANCASTER,**

  Plaintiff,

**v.**                 **CIVIL ACTION NO.: 3:16-CV-30
(GROH)**

**USP HAZELTON,**

  Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING IN PART REPORT AND RECOMMENDATION**

  This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. Pursuant to the Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. On May 18, 2017, Magistrate Judge Trumble issued his R&R, recommending that this Court grant the Defendant's motion to dismiss or, in the alternative, for summary judgment [ECF No. 35] and deny the Plaintiff's motions for outside medical assessment [ECF No. 53] and to contact prisoners in other facilities [ECF No. 55]. For the following reasons, the Court **ADOPTS** the R&R **IN PART**.

**I. Standard of Review**

  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which timely objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections

are made.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Failure to timely file objections constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, objections to the R&R were due within fourteen days after being served with a copy of the same.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); ECF No. 72 at 22.  Service of the R&R was accepted on May 23, 2017.  ECF No. 74.  On June 5, 2017, this Court received a motion from the Plaintiff requesting additional time within which to file his objections.  ECF No. 80.  The Court granted the Plaintiff's request in part and ordered him to file any objections on or before July 14, 2017.[1]  ECF No. 81. The Plaintiff failed to timely file objections.[2]  Accordingly, this Court will review the R&R for clear error.

---

[1] On July 13, 2017, the Court received a letter from the Plaintiff that appears to request another extension of time within which to file objections pending his receipt of a copy of video surveillance.  ECF No. 83.  This Court is aware of the procedural history in the instant case, including an order entered by the magistrate judge that directed the Clerk of Court to mail a DVD copy of video surveillance to the warden of the facility in which the Plaintiff was presently incarcerated so that the Plaintiff could view its contents.  ECF No. 73. This Court has already granted the Plaintiff a thirty-eight-day extension of the objection deadline. Additionally, the magistrate judge granted two requests by the Plaintiff to extend his response deadline, which provided him with a total of ninety-three days to respond to the Defendant's motion to dismiss or, in the alternative, for summary judgment.  See ECF Nos. 51, 61.  Based upon the reasons given in the R&R and this Order, it is unclear how the Plaintiff's review of the objective video evidence could aid in drafting his objections or otherwise alter this Court's opinion and legal analysis of this case.  In sum, because the Court does not conclude that the Plaintiff's inability to view the video surveillance constitutes reason to further delay review of the R&R or disposition of the issues in this matter, his motion to extend is denied.

[2] The Plaintiff's objections were received by this Court ten days past the extended deadline on July 24, 2017.  See ECF Nos. 81, 84.  The mailbox rule allows an inmate's pleading to be considered "filed" with the court on the date that it is handed over to prison officials for mailing.  Houston v. Lack, 487 U.S. 266, 275-76 (1988).  Here, there is nothing to indicate when the Plaintiff's objections were handed to prison officials for mailing.  Although the Plaintiff signed his objections on July 10, 2017, and claims in his self-constructed certificate of service that he mailed them that same day, the envelope containing the objections is postdated July 20, 2017—six days after the deadline.  See ECF Nos. 84, 84-1.  Thus, because there is no evidence, or argument presented by the Plaintiff, indicating when the prison officials received his objections, the mailbox rule does not apply.  And, furthermore, even if the Court were to construe the objections as timely, upon review, they do not alter the findings and decisions contained within this Order.

## II. Background

On March 22, 2016, the Court received a letter from the *pro se* Plaintiff alleging personal injury and cruel and unusual punishment occurring while he was incarcerated at United States Penitentiary Hazelton in Bruceton Mills, West Virginia. ECF No. 1. Upon receipt, the case was docketed pursuant to the Federal Tort Claims Act ("FTCA") and the Plaintiff was directed to complete the court-approved form. ECF No. 2. On June 20, 2016, the Plaintiff filed his complaint in which he alleges assault and medical negligence by Bureau of Prisons ("BOP") employees. Specifically, the Plaintiff states that on June 5, 2014, while he was being escorted to his cell with his hands cuffed behind his back, Correctional Officer Derek Artrip smashed his face into the wall, chipping four of his front teeth and causing one to fall out. ECF No. 16 at 6, 9. The Plaintiff advises that, upon impact, his forehead split open and he lost consciousness. ECF No. 16 at 6, 9. He then claims that he was slammed onto the floor and, as a result, suffered injury to his lower back. ECF No. 16 at 9. In addition to his back injury, the Plaintiff alleges that the incident caused him to suffer a concussion, severe headaches, blurry vision and dizziness for over forty-eight months. ECF No. 16 at 6, 9.

On January 5, 2017, the Defendant filed its motion to dismiss or, in the alternative, for summary judgment, in which it argues it is immune from suit as to the Plaintiff's assault and battery claims for two main reasons: correctional officers are privileged to use force as articulated under BOP Program Statement 5566.06 and ordinary diligence, as required by 18 U.S.C. § 4042, was observed during the June 5, 2014 encounter. Additionally, the Defendant argues that the Plaintiff's medical negligence claim should be dismissed for failure to file a screening certificate of merit in accordance with West Virginia Code § 55-

3

7B-6. In support of its motion, the Government filed declarations from Lieutenant Stephen Trent, Officer Artrip and Registered Nurse Gary Hileman as well as a BOP medical record from June 5, 2014, immediately following the incident. ECF Nos. 36-1, 36-2, 36-3. In his response to the Defendant's motion, the Plaintiff provides four pages of dental records, four pages of medical records which were not previously submitted, and sixty-four handwritten pages of his own account of his injuries and the events occurring on June 5, 2014.[3]

### III. Applicable Law

A responsive pleading captioned as a motion to dismiss or, in the alternative, for summary judgment puts all parties on notice that a court could construe the motion either way. Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 260 (4th Cir. 1998). "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, if the Court considers documents attached to the complaint or the motion to dismiss that are "integral to the complaint and authentic," the pleading may still be treated as a motion to dismiss. Sec'y of State for Def. v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). It is also appropriate "when the nonmovant cannot prevail as a matter of law, even on its view of the facts and evidence." Ateliers de

---

[3] The Plaintiff also submitted materials that were previously disclosed.

4

la Haute-Garonne v. Broetje Automation USA Inc., 717 F.3d 1351, 1356 (Fed. Cir. 2013) (first citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); then citing Allied Colloids, Inc. v. Am. Cyanamid Co., 64 F.3d 1570, 1573 (Fed. Cir. 1995)). Once the moving party identifies evidence that demonstrates there is no issue for trial, the burden shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita, 475 U.S. at 586, and validate that there is indeed a genuine issue for trial, see Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-25; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## IV. Discussion

Because the R&R considers evidence, including declarations, medical records and video surveillance, which is not integral to the Plaintiff's complaint, see Trimble Navigation Ltd., 484 F.3d at 705, the Court concludes, and the reasoning contained within the magistrate judge's report confirms, that the Defendant's motion was construed as one for summary judgment. See Zuspan v. O'Brien, Civil Action No. 1:13CV167, 2013 WL 6805574, at *2 (N.D. W. Va. Dec. 20, 2013) (considering matters outside the pleadings and converting defendant's motion to one for summary judgment). This Court likewise has reviewed the issues presented in this case in accordance with the summary judgment standard and finds that the Defendant is entitled to judgment as a matter of law regarding the Plaintiff's claims of assault and battery and, additionally, that dismissal of the Plaintiff's medical negligence claim is warranted.

### A.   Findings and Recommendations of the Magistrate Judge

The Plaintiff did not raise timely objection to the findings contained within the R&R and thus has abandoned his right to *de novo* review. See Diamond v. Colonial Life &

Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Upon examination, the Court finds that the magistrate judge did not commit error in his analysis of the Plaintiff's assault and battery claims. In his R&R, the magistrate judge correctly and logically explained why the Defendant is immune from suit under the FTCA. Specifically, he expounded upon both the discretionary function and intentional tort exceptions to FTCA liability and concluded that because the correctional officers were performing a discretionary function when they exercised reasonable force to gain control of the Plaintiff, the Defendant enjoys sovereign immunity. In particular, the magistrate judge cited to BOP Program Statement 5566.06, which affords correctional officers discretion in utilizing force against inmates. See Program Statement 5566.06, Use of Force and Application of Restraints, at 4 (stating that "staff must use common sense and good correctional judgment in each incident to determine whether the situation allows for the implementation of calculated or immediate use of force procedures"). Additionally, he assessed medical and video surveillance evidence, which he found to negate the Plaintiff's claims of back injury, chipped teeth, head trauma and overall use of excessive force. In conclusion, this Court agrees with the magistrate judge's finding that the officers' use of force against the Plaintiff on June 5, 2014, was properly implemented and consistent with federal law and therefore may be considered a discretionary function. Accordingly, as to the Plaintiff's claims of assault and battery, the Defendant is immune from suit under the FTCA and is thus entitled to judgment as a matter of law on that issue.

### B. Plaintiff's Medical Negligence Claim

The R&R does not address the Plaintiff's claim of medical negligence or the Defendant's response in opposition thereto. Accordingly, the Court will review this issue

*de novo*.  The Plaintiff alleges that following the incident on June 5, 2014, BOP employees denied him medical attention.  ECF Nos. 16 at 6, 71 at 3, 71-2.  In its motion for summary judgment, the Defendant argues that the Plaintiff's medical negligence claim should be dismissed for failure to comply with the pre-suit requirements obligated by West Virginia Code § 55-7B-6.

Typically, prior to filing a medical professional liability action in West Virginia, a plaintiff must serve a notice of claim and screening certificate of merit on each healthcare provider named in the action.  W. Va. Code § 55-7B-6(b).  However, a screening certificate of merit is futile and therefore not required when the "action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care."  W. Va. Code § 55-7B-6(c); see Johnson v. United States, 394 F. Supp. 2d 854, 857-58 (S.D. W. Va. 2005).  Nevertheless, the general rule is that negligence can be proved only by expert witnesses in medical malpractice cases.  Syl. Pt. 3, Banfi v. Am. Hosp. for Rehab., 529 S.E.2d 600 (W. Va. 2000).  The court in Johnson proffered a limited circumstance in which this is not the case.  There, the court found that expert testimony was not necessary to support the Plaintiff's medical malpractice claim alleging diminished bloodflow, necrosis and infection from a penile prosthesis that was too large and implanted backward.  Johnson, 394 F. Supp. 2d at 857-58.  Thus, it is accepted that "where lack of care or want of skill is so gross, so as to be apparent, or the alleged breach relates to noncomplex matters of diagnosis and treatment within the understanding of lay jurors by resort to common knowledge and experience," expert testimony is not required.  Syl. Pt. 4, Banfi, 529 S.E.2d 600.

Here, the Plaintiff's complaint states that he was denied medical attention following the June 5, 2014 us of force incident. ECF No. 16 at 6. A further review of the materials in this case reveals that the Plaintiff's claim more succinctly alleges not a denial of medical attention altogether, but rather a denial of adequate medical attention. See ECF Nos. 36-1 at 9-10, 71 at 3, 71-2 at 1, 71-18, 71-19, 71-20. Notably, "[w]hen a medical negligence claim involves an assessment of whether or not the plaintiff was properly diagnosed and treated . . . or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required." Long v. Policarpio, Civil Action No. 2:14-CV-10, 2015 WL 1800590, at *5 (N.D. W. Va. Apr. 16, 2015) (citing Banfi, 529 S.E.2d at 605-06). Accordingly, by the very nature of his claim, Plaintiff is required to comply with § 55-7B-6. Moreover, his alleged injuries include chipped teeth, head trauma, back injury, severe headaches, blurry vision, prolonged dizziness[4] and a concussion, which would certainly require expert medical opinion to intuit how, or if, the medical attention, or lack thereof, fell below the standard of care or exacerbated the Plaintiff's injuries. See Ellis v. United States, Civil Action No. 5:11-cv-00096, 2013 WL 4679933, at *7 (S.D. W. Va. Aug. 30, 2013) (finding expert testimony necessary when the allegations involved "inadequate and delayed treatment . . . result[ing] in present and future problems with gums and teeth leading to other physical illnesses and conditions" (internal quotation omitted)); Giambalvo v. United States, Civil Action No. 1:11CV14, 2012 WL 984277, at *4-5 (N.D. W. Va. Mar. 22, 2012) (determining expert testimony required in case involving physician's removal of plaintiff's ingrown toenail and subsequent treatment thereof where the standard of care was unclear); Callahan v. Cho, 437 F. Supp. 2d 557, 563-64 (E.D.

---

[4] The Plaintiff states that he suffered from dizziness for over forty-eight months. ECF No. 16 at 9.

Va. 2006) (holding expert testimony essential where case hinged upon issue regarding defendant's professional medical judgment). Importantly, this case is dissimilar from Johnson, where the malpractice was blatantly obvious. See 394 F. Supp. 2d at 857-58. Accordingly, because expert testimony is required to resolve the Plaintiff's medical negligence claim, he was required to serve a screening certificate of merit.

Failure to serve a screening certificate of merit in accordance with § 55-7B-6, in most circumstances, calls for dismissal. See, e.g., Long, 2015 WL 1800590, at *5-6; Ellis, 2013 WL 4679933, at *6-7; Cline v. Kresa-Reahl, 728 S.E.2d 87, 94-98 (W. Va. 2012). However, there are limited instances in which a plaintiff may be given the chance to rectify his noncompliance—particularly where the plaintiff is *pro se* and has demonstrated a "good faith effort" to follow § 55-7B-6's instructions. See Giambalvo, 2012 WL 984277, at *5-6 (citing Westmoreland v. Vaidya, 664 S.E.2d 90, 96-97 (W. Va. 2008)). In Westmoreland, the West Virginia Supreme Court held that a *pro se* plaintiff who failed to file a certificate of merit, but "demonstrated a good faith and reasonable effort to further the statutory purposes," should have been permitted additional time to comply with § 55-7B-6's requirements. 664 S.E.2d at 96-97. In so holding, the court indicated that the lower court's "dismissal of the case was too draconian of a result." Id. at 97. Here, the Plaintiff, an inmate proceeding *pro se*, filed a document titled "Certificate of Merit," which cites to § 55-7B-6(c). ECF No. 71-1. In the document, the Plaintiff alleges that a certificate of merit is not required because "this is a simple case of refusing to give any medical attention"[5] and thus "no expert is needed." ECF No. 71-1.

---

[5] The Court reiterates its finding that, based upon the pleadings and evidence submitted, this claim is more properly characterized as alleging improper or inadequate medical care.

On its face, this document appears to qualify as a good faith effort to comply with the requirements of § 55-7B-6. See Giambalvo, 2012 WL 984277, at *6 (finding a good faith effort where the plaintiff filed a document labeled "In Lieu of Medical Screening Certificate of Merit" and believed that his claim did not require expert opinion). However, it was placed in the mail on May 9, 2017, and received on May 12, 2017—more than one year after this case was initiated and six days before entry of the report and recommendation. At such a late stage, this untimely attempt to comply with § 55-7B-6's requirements does not further the statute's purpose "to avert frivolous claims and promote *pre*-suit resolution." See Cline 728 S.E.2d at 98 (emphasis added). Indeed, there would be "no sense or utility in allowing amendment of a pre-suit notice and certificate *after* suit is filed." Id. (emphasis in original) (internal quotation and citation omitted). Accordingly, the Court finds dismissal of the Plaintiff's medical negligence claim—without prejudice—appropriate.[6] See id.

### C. Motion to Amend Complaint

Following entry of the R&R, the Plaintiff filed a supplemental complaint,[7] alleging retaliation by staff at United States Penitentiary Coleman II that began in early May of 2017. ECF No. 77. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182 (1962). However, leave to amend should not be granted "when the amendment would be prejudicial to the opposing party, there has been

---

[6] Furthermore, this Court agrees with the magistrate judge's recitation and interpretation of the evidence—in particular, his observations on the lack of excessive force portrayed in the video surveillance—and perceives the Plaintiff's medical negligence claim as frivolous.

[7] The Clerk of Court docketed, and this Court likewise construes, the pleading as a motion to amend the Plaintiff's complaint.

bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986). An amendment is considered futile if it would be unable to withstand a motion to dismiss. Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995); Elliott v. AAA Ins., Civil Action No. 5:15CV146, 2016 WL 927220, at *2 (N.D. W. Va. Mar. 10, 2016).

In his supplemental complaint, the Plaintiff asserts claims which fall under the purview of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Such claims must be filed in the district in which the events occurred or where all of the defendants reside. See Ashbourne v. Geithner, Civil Action No. RWT-11-2818, 2012 WL 2874012, at *3 (D. Md. July 12, 2012). Here, the alleged retaliation and confiscation of the Plaintiff's belongings occurred in Sumterville, Florida, and the Court assumes that the officers employed at that institution live within the same district. Therefore, this claim must be brought in the United States District Court for the Middle District of Florida and is improper before this Court. Accordingly, because it would not survive a motion to dismiss and is futile, the Court denies the Plaintiff's motion to amend his complaint.

### V. Conclusion

For the reasons discussed above, the Court

1. **ADOPTS** the Report and Recommendation **IN PART**[8] [ECF No. 72];

2. **GRANTS** the Defendant's motion for summary judgment [ECF No. 35];

---

[8] The R&R is adopted in part because it did not address the Plaintiff's medical negligence claim or the related issue regarding his failure to serve a screening certificate of merit, which this Court has considered *de novo*.

3. **DENIES** the Defendant's motions for outside medical assessment and to contact prisoners in other facilities [ECF Nos. 53, 55];

4. **DISMISSES** the Plaintiff's FTCA complaint **WITH PREJUDICE** as to his claims of assault and battery and **WITHOUT PREJUDICE** as to his claim of medical negligence;

5. **DENIES** the Plaintiff's motion to amend his complaint [ECF No. 77]; and

6. **DENIES** the remaining pending motions [ECF Nos. 78, 79, 83].

The Clerk is **DIRECTED** to strike this case from the Court's active docket, enter a separate judgment order in favor of the Defendant, transmit copies of this Order to all counsel of record and mail a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED:** August 11, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE